1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TRAVIS JUSTIN CUELLAR,                    Case No.  1:20-cv-00388-HBK

12              Plaintiff,                     ORDER DENYING PLAINTIFF'S MOTIONS
                                               FOR INJUNCTIVE RELIEF[1]
13        v.
                                               (Doc. Nos. 11, 16)
14   MADERA COUNTY DEPT. OF
     CORRECTIONS, BENJAMIN
15   MENDOZA, ALVAREZ,

16              Defendants.

17

18          This matter comes before the Court upon initial review of this case that was reassigned to

19   the undersigned on November 17, 2020.  (*See* Doc. No. 31).  Plaintiff Travis Justin Cuellar

20   ("Plaintiff" or "Cuellar"), initiated this action while he was an inmate in the Madera County

21   Correctional Facility by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on March

22   16, 2020.  (Doc. No. 1).  Plaintiff is proceeding on his First Amended Complaint filed April 23,

23   2020.  (Doc. No. 7, "FAC").  Pending review before the Court are, *inter alia*, Plaintiff's "motion

24   for injunction prohibiting harassment and application for temporary restraining order" filed June

25   4, 2020 (Doc. No. 11) and "motion for safeguarding Plaintiff's rights of access to the courts" filed

26   July 22, 2020.  (Doc. No. 16).  The then-assigned magistrate judge directed Defendants to file a

27   _____

28   [1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C.
     § 636(c)(1).  (Doc. No. 32).

response to Plaintiff's June 4, 2020 motion seeking a temporary restraining order. (Doc. No. 19). Defendants filed a response in opposition to the motion on August 3, 2020 (Doc. No. 19) and Plaintiff filed a reply on September 8, 2020 (Doc. No. 28). For the reasons stated below, the Court denies both of Plaintiff's motions for injunctive relief as moot.

## I. BACKGROUND

At the time Cuellar filed his FAC, he was an inmate in the Madera County Correctional Facility. (*See* Doc. No. 7 at 1). The FAC names the Madera County Department of Corrections and two of its employees as Defendants: Sergeant Benjamin Mendoza and Officer Alvarez. (*Id.* at 2-3). Cuellar generally claims that these Defendants violated his First, Fifth, and Fourteenth Amendment rights. (*See generally id.*).

In his first motion seeking injunctive relief, Cuellar alleges that "Defendants" are harassing him in retaliation for filing prison grievances. (Doc. No. 11 at 2). Specifically, Cuellar claims that Defendants are violating his right to counsel, access to the courts, due process, and privacy. (*Id.*). Cuellar claims that on March 31, 2020, Defendants began to deny him "pro per" privileges, such as a right to materials, "legal runners," and free legal calls. (*Id.* at 3-5). Cuellar also claims Defendants wrongfully viewed his legal documents, made unnecessary copies of his legal documents and charged him for them, and prevented his access to the courts by failing to provide him with stamps. (*Id.* at 8-10). As relief, Cuellar seeks a court order directing Defendants to provide Plaintiff with the legal resources to litigate his suit, including access to legal runners, free legal phone calls, materials, postage, and copies. (*Id.* at 14). Defendants deny Plaintiff's allegations in the motion. (*See generally* Doc. No. 19).

In his second motion for injunctive relief, Cuellar claims that Defendants are failing to provide information to inmates regarding their right to access the courts. (Doc. No. 16 at 4). Cuellar complains that Defendants began to harass him after he filed a habeas corpus petition. (*Id.* at 5). Again, Cuellar states that Defendants denied him "pro per" privileges, including access to legal materials. (*Id.* at 5). Cuellar also again claims that Defendant Alvarez made extra copies of his legal documents and then charged him for these documents. (*Id.* at 6). Finally, Cuellar claims that Defendants refuse to assist him in preparing and filing legal papers. (*Id.* at 7). As

1  relief, Cuellar requests the Court order Defendants to provide him access to legal resources at the

2  jail, to refrain from handling his legal mail and copies, to return his manila envelopes, and to

3  provide a storage container to him.  (*Id*. at 11).

4        On September 25, 2020, Cuellar submitted a change of address form to the Court,

5  changing his address from his place of custody to 200 North "M" Street, Madera, CA 93637.

6  (Doc. No. 30).  Thus, Cuellar is no longer incarcerated in jail.[2]

7                    **II.  APPLICABLE LAW AND ANALYSIS**

8        Because Defendants had notice of, and responded to, Plaintiff's June 4, 2020 motion

9  seeking a temporary restraining order, the Court construes the motion as a motion seeking

10  preliminary injunctive relief.  Fed. R. Civ. P. 65(a)(1).  The Court need not address the merits of

11  either Plaintiff's June 4, 2020 motion for preliminary injunctive relief or his July 22, 2020 motion

12  for injunctive relief, because Plaintiff's release from jail moots his requests for injunctive relief.

13        "A request for injunctive relief remains live only so long as there is some present harm

14  left to enjoin."  *Bayer v. Neiman Marcus Grp*., 861 F.3d 853, 864 (9th Cir. 2017) (quoting *Taylor*

15  *v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995).  "Past exposure to illegal conduct

16  does not in itself show a present case or controversy regarding injunctive relief . . . if

17  unaccompanied by any continuing, present adverse effects."  *O'Neal v. City of Seattle*, 66 F.3d

18  1064, 1066 (9th Cir. 1995) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

19  "Thus, a claim for injunctive relief becomes moot once subsequent events have made clear the

20  conduct alleged as the basis for the requested relief 'could not reasonably be expected to recur.'"

21  *Bayer*, 861 F.3d at 864 (quoting *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998).

22  Absent class certification, a prisoner's claims for injunctive relief become moot following his

23  release from custody.  *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012).

24        Here, Cuellar seeks prospective relief so he may access the courts to litigate his pending

25  federal and state cases.  But Cuellar is no longer incarcerated or detained in the Madera County

26

27  [2] The Court also takes judicial notice under Federal Rule of Evidence 201 of Madera County's inmate
locator and notes that Plaintiff is not listed as an inmate in the county's custody.  *See* Madera County
28  Inmate Lookup, available at https://inmatepublicview.maderacounty.com/, last accessed July 13, 2021.

1  Correctional Facility.  Cuellar does not claim that Defendants are taking ongoing actions to

2  violate his access to the courts now that he has been released from custody.  Further, the Court

3  finds the actions complained of by Cuellar for which he seeks injunctive relief are not reasonably

4  expected to recur in the future.  Therefore, Plaintiff's motions for injunctive relief are denied as

5  moot.

6          Accordingly, it is **ORDERED**:

7          Plaintiff's motions for preliminary injunctive relief (Docs. No. 11, 16) are **DENIED** as

8  moot.

9

10  Dated:   __July 21, 2021__

11                                              HELENA M. BARCH-KUCHTA
                                                UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28