UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JUSTIN CUELLAR,<br><br>  Plaintiff,<br><br>  v.<br><br>MADERA COUNTY DEPT. OF CORRECTIONS, BENJAMIN MENDOZA and ALVAREZ,<br><br>  Defendants. | Case No. 1:20-cv-00388-HBK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING CASE[1]<br><br>(Doc. No. 20) |

Plaintiff Travis Justin Cuellar ("Plaintiff" or "Cuellar") initiated this action while he was incarcerated at the Madera County Correctional Facility by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on March 16, 2020. (Doc. No. 1). Plaintiff is proceeding on his first amended complaint filed April 23, 2020. (Doc. No. 7). Before the Court is Defendants' motion to dismiss the first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Cuellar's claims are barred by the doctrine of *res judicata*. (Doc. No. 20). Cuellar filed an opposition to Defendants' motion to dismiss and Defendants filed a reply. (Doc. Nos. 26, 27).[2]

---

[1] Both parties consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 32).

[2] Cuellar filed a response to Defendants' reply to his opposition, which the Court construes as an unauthorized surreply. (Doc. No. 29). Neither the Federal Rules of Civil Procedure nor this Court's Local Rules provide leave to file a surreply so the Court does not consider the improper surreply in ruling on the instant motion.

On September 25, 2020, Cuellar submitted a change of address form to the Court, changing his address from his place of custody to 200 North "M" Street, Madera, CA 93637. (Doc. No. 30). Thus, it appears that Cuellar is no longer incarcerated.[3] Based upon the facts in the record and governing law, the Court grants Defendants' motion to dismiss and dismisses this case with prejudice.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action by filing a *pro se* complaint on March 16, 2020. (Doc. No. 1). On April 9, 2020, the then-assigned magistrate judge screened the complaint, finding that Cuellar's claims against the Madera County Department of Corrections ("MCDC") should proceed but that his claims against the Madera County Board of Supervisors should be dismissed for failure to state a claim. (*See generally* Doc. No. 6). The Court gave Plaintiff leave to file an amended complaint. (*Id.*). Cuellar filed his first amended complaint on April 23, 2020, adding Defendants Alvarez and Mendoza to the suit. (Doc. No. 7, "FAC"). In response, Defendants filed the instant motion to dismiss. (Doc. No. 20).

### B. Allegations in the Complaint

At the time Cuellar filed his FAC, he was an inmate in the MCDC Facility. (*See* Doc. No. 7 at 1). The FAC names the MCDC and Sergeant Benjamin Mendoza and Officer Alvarez, both MCDC employees, as Defendants. (*Id.* at 2-3). Cuellar makes seven claims for relief: (1) that his Fifth Amendment right to his property was violated when Defendant Mendoza failed to mail portraits of a police officer, a girl, and a man to the Madera Tribune (*id.* at 3-4, 5-6); (2) that his due process rights were violated when Defendants Mendoza and Alverez took his property and failed to return a portrait of Kobe Bryant, a dictionary, postage, a thesaurus, photos, and an activity log to him (*id.* at 4, 7); (3) that his due process and free speech rights were violated when artwork depicting police brutality that he intended to send to the Fresno Bee was taken by

---

[3] The Court also takes judicial notice under Federal Rule of Evidence 201 of Madera County's inmate locator and notes that Plaintiff is not listed as an inmate in the county's custody. *See* Madera County Inmate Lookup, available at https://inmatepublicview.maderacounty.com/, last accessed July 13, 2021.

Defendants and displayed in their office (*id*. at 8-9); (4) that his First Amendment rights were violated when Defendants opened and read Cuellar's legal mail and when Defendants did not allow Cuellar's "legal runner" to provide him with folders and printed legal cases (*id*. at 10); (5) that his legal phone calls were monitored and recorded (*id*. at 11); (6) that his right to access the courts was violated when the MCDC failed to provide him with legal supplies (*id*. at 12); and (7) that his right to access the courts was violated when MCDC failed to provide him with adequate legal research materials (*id*. at 13). Cuellar seeks monetary damages of $100,000, various forms of injunctive relief, and his release from incarceration. (*Id*. at 7).

### C. Judicial Notice

At the outset, the Court must address Defendants' request for judicial notice. This Court may "judicially notice" facts and documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This encompasses other court proceedings "if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

Defendants request the Court take judicial notice of the proceedings in *In re.: Travis Cuellar*, No. MCR056037H (Madera Cty. Sup. Ct. June 19, 2020) and *In re.: Travis Cuellar*, No. MCR056037J (Madera Cty. Sup. Ct. June 19, 2020). (Doc. No. 23). Defendants have submitted the following state court filings and orders for which they seek the Court to take judicial notice: Exhibit A: Plaintiff's petition for writ of habeas corpus in case number MCR056037H, as well as the Superior Court's Order, dated March 9, 2020, directing the Madera County Counsel's Office to file an Informal Response to the Writ Petition; Exhibit B: Informal Response of the Madera County Department of Corrections, including the Declaration of Benjamin Mendoza, in case number MCR056037H; Exhibit C: Plaintiff's petition for writ of habeas corpus in case number MCR056037J; Exhibit D: Superior Court's Order, signed on June 19, 2020, denying the above-referenced petitions for writ of habeas corpus. (Doc. No. 21 at 2). In support of their motion, Defendants submit the affidavit of Defendants' attorney Michael Linden, which states that

Exhibits A-D are true and correct copies. (*Id.*).

Defendant submits the claims raised in the FAC stem from the same incidents that formed the claim in Plaintiff's two state habeas cases already adjudicated. *See In re.: Travis Cuellar*, No. MCR056037H; *In re.: Travis Cuellar*, No. MCR056037J. For the Court to evaluate the validity of Defendants' argument, the Court must examine the related case files to determine whether Cuellar's present claim mirrors or arises from these other causes of action. The documents of which Defendant requests the Court to take judicial are documents of which the accuracy is self-evident. Accordingly, the Court takes judicial notice of the filings in *In re.: Travis Cuellar*, No. MCR056037H and *In re.: Travis Cuellar*, No. MCR056037J.

**1. *In re.: Travis Cuellar*, No. MCR056037H**

In case number MCR056037H, a state superior court habeas petition, filed February 24, 2020, Cuellar claimed: (1) that MCDC was denying him legal phone calls when it failed to register his legal runner's phone number (Doc. No. 21-1 at 5); (2) that MCDC was denying his access to courts when it denied Cuellar free copies and postage at times when Cuellar needed to mail more than two items per week, free legal phone calls, copy services, legal research opportunities, and copies of certain legal books (*id*. at 6-9); and (3) that the MCDC violated his First Amendment rights when it opened, read, and copied his "privileged" mail, never sent the mail to the Fresno Bee as addressed, and displayed the mail on Mendoza and Alvarez's office wall (*id*. at 10-11).

In response, Defendants County of Madera and MCDC argued that: (1) the petition was moot because Cuellar was provided with legal calls after MCDC made an adjustment to their phone system; (2) that Cuellar was provided with adequate legal resources in the form of legal supplies and legal research assistance; (3) the MCDC has the right to inspect Cuellar's correspondence and the correspondence in question was mailed to the Fresno Bee. (Doc. No. 21-2 at 1-7). Defendants also submitted the declaration of Mendoza, which stated in pertinent part that: (1) Cuellar's legal runner was reimbursed for the wrongful legal phone call charges; (2) Cuellar failed to request legal materials using his indigent inmate status; (3) Cuellar was provided with copying services; (4) Cuellar's 33 requests for legal research were mostly answered within

three to four days; and (5) Cuellar's correspondence to the Fresno Bee was mailed.  (*Id*. at 9-11).  This petition was denied by the superior court for the reasons set forth in the Defendants' response.  (Doc. No. 21-4).

### 2. *In re.: Travis Cuellar*, Case No. MCR056037J

In Case No. MCR056037J, a state superior court habeas petition filed May 8, 2020,[4] Cuellar claimed that the MCDC was violating his federal and state constitutional rights of freedom of speech, access to courts and general correspondence.  Cuellar claimed that his disciplinary status prevented him from purchasing commissary items, including stationery and stamps, and that because he was no longer considered indigent, he could not access any materials for correspondence.  (Doc. No. 21-3 at 2).  This petition was denied by the superior court because Cuellar had already raised these claims before that court and was denied relief.  (Doc. No. 21-4 at 1).

## II.  APPLICABLE LAW

### A.  Standard of Review

A motion filed under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Because Cuellar is a *pro se* litigant, his pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court has an obligation to construe *pro se* pleadings liberally, *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc), however, a liberal interpretation of a *pro se* complaint does not require the

---

[4] The Court cannot determine the date Cuellar provided this filing to prison staff for mailing.  Accordingly, the Court will use the date the petition was filed by the superior court.  (*See* Doc. No. 21-3 at 1).

1    court to supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ.*
2    *of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Pena v. Gardner,* 976 F.2d 469, 471 (9th
3    Cir. 1992)

### III.  ANALYSIS

#### A.  Release Not Available as Relief and Claim for Injunctive Relief Moot

Initially, the Court addresses the forms of relief requested by Cuellar due to his release from incarceration. In addition to money damages, Cuellar requests his release from incarceration "based on the interest of justice." (Doc. No. 7 at 7). Release from incarceration is not a form of relief available in a § 1983 claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus," not an action under § 1983). Further, as noted, Cueller is now longer incarcerated.

Additionally, Cuellar seeks various forms of injunctive relief related to the conditions of his incarceration—namely an "adequate satellite law library," an order directing Defendants to "provide free legal phone calls to legal runners," and an order prohibiting Defendants from monitoring and recording legal phone calls. (Doc. No. 7 at 7). "An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *see also Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012); *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013). Here, Cuellar's claims for injunctive relief relate to MCDC's policies and this case has not been certified as a class action. Therefore, Cuellar's requests for injunctive relief are moot. Accordingly, the only form of relief to which Cuellar may be entitled is monetary damages, if appropriate.

#### B.  Claims Barred By Res-Judicata

Under the Full Faith and Credit Act, "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are

1  taken." 28 U.S.C. § 1738.  Under the doctrine of res-judicata, or claim preclusion, a final
2  judgment forecloses "successive litigation of the very same claim, whether or not relitigation of
3  the claim raises the same issues as the earlier suit." *New Hampshire v. Maine,* 532 U.S. 742, 748
4  (2001).  By "preclud[ing] parties from contesting matters that they have had a full and fair
5  opportunity to litigate," the doctrine of claim preclusion protects against "the expense and
6  vexation of attending multiple lawsuits," and "conserve[es] judicial resources, and foste[rs]
7  reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v.*
8  *United States,* 440 U.S. 147, 153–154 (1979).

9  Federal courts must look to state preclusion law when determining the claim-preclusive
10 effect of a state judgment on a federal suit.  *Takahashi v. Bd. of Trs*., 783 F.2d 848, 850 (9th Cir.
11 1986).  "Under California law, '[a] valid judgment on the merits in favor of a defendant serves as
12 a complete bar to further litigation on the same cause of action.'"  *Id*. at 851 (citing *Slater v.*
13 *Blackwood*, 15 Cal. 3d 791, 795 (1976)).    In California, the prerequisite elements for applying
14 the doctrine of res-judicata are as follows: "'(1) A claim or issue raised in the present action is
15 identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a
16 final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a
17 party or in privity with a party to the prior proceeding. [Citations.]'" *Boeken v. Philip Morris*
18 *USA, Inc*., 48 Cal. 4th 788, 797 (2010) (citing *People v. Barragan* 32 Cal.4th 236, 252-53
19 (2004)).

20 The undersigned considers each of the three factors for each claim in seriatim.

21 **1. Access to Courts**

22 In the instant suit, Cuellar argues in claims four through seven that his right of access to
23 the courts was denied when Defendants (1) did not allow Cuellar's "legal runner" to provide him
24 with folders and printed legal cases (Doc. No. 7 at 10); (2) monitored and recorded his legal
25 phone calls (*id*. at 11); (3) failed to provide him with legal supplies, such as highlighters, stamps,
26 and manila envelopes (*id*. at 12); and (4) failed to provide him with adequate legal research
27 materials (*id*. at 13).  In superior court case number MCR056037H, Cuellar claimed that he was
28 denied access to the courts when MCDC denied him legal phone calls (Doc. No. 21-1 at 5), free

copies, postage, and legal research materials (*id*. at 6-9).  In superior court case number MCR056037J, Cuellar claims, in part, that his right to access the courts was violated because his disciplinary status prevented him from purchasing stationery and stamps.  (Doc. No. 21-3 at 2).

### a. Identical Claim

In California, the claims in question must be "identical."  "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have consistently applied the primary rights theory."  *Slater*, 15 Cal.3d at 795.  Under this theory, "the violation of one primary right gives rise to a single cause of action."  *Id*.  "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim of relief."  *Id*.  "Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief."  *Id*. (emphasis in original).  "Thus, under the primary rights theory, the determinative factor is the harm suffered.  When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right."  *Boeken*, 48 Cal. 4th at 798.

Here, the harm Cuellar alleges in both of his superior court suits and the instant suit is a violation of his right to access the courts.  Although Cuellar alleges that the way his access to the courts was restricted differs slightly between his state suits and the instant suit, the harm alleged—lack of access to courts—is the same.  Accordingly, the Court finds that Cuellar's access to courts claim in the instant petition is identical to the claims in his superior court petitions, satisfying the first prong of California's res-judicata test.

### b. Final Judgment on the Merits

In order for res-judicata to apply, the claim must have been adjudicated on the merits in the earlier suit.  A final decision on the merits "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn*., 60 Cal. App. 4th 1053, 1065, 71 Cal. Rptr. 2d 77 (Cal. Ct. App. 1998).

Cuellar's superior court case number MCR056037H was denied "for the reasons set forth

in the [Defendants'] informal response." (Doc. No. 21-4).  The Defendants' informal response in case number MCR056037H argued, in relevant part, that: (1) Cuellar's legal phone call claim was moot because the prison fixed their phone system issues and provided Cuellar with phone calls and (2) Cuellar was provided with the necessary materials to litigate his legal cases, such as postage, legal research, copy services, and supplies.  (Doc. No. 21-2 at 3-5).  Superior court case number MCR056037J was denied because Cuellar had previously raised his claim contained therein and that claim was denied.  (Doc. No. 21-4).  Because the superior court considered the arguments set forth in Defendants' informal response in case number MCR056037H and denied the petition, the Court finds that a final judgment on the merits was made on Cuellar's access to court claim.

### c. Same Party or Privity with Same Party

Finally, in order for res-judicata to apply, the party or parties in the previous suit must be the same in the instant suit, or the parties must be in privity with one another.  Here, Cuellar named MCDC in both case numbers MCR056037H and MCR056037J.  In the instant case, Cuellar names MCDC, Mendoza, and Alvarez.  Therefore, the Court must determine whether Mendoza and Alvarez are in privity with MCDC.[5]  Mendoza and Alvarez are employees of MCDC.

"A party is adequately represented for purposes of the privity rule if his or her interests are so similar to a party's interest that the latter was the former's virtual representative in the earlier action." *Citizens for Open Access etc. Tide, Inc.*, 60 Cal. App. 4th 1053, 1070 (1998).  Under California law, the court must "measure the adequacy of [] representation by inference, examining whether the . . . party in the suit which is asserted to have a preclusive effect had the same interest as the party to be precluded, and whether that . . . party had a strong motive to assert that interest.  If the interests of the parties in question are likely to have been divergent, one does not infer adequate representation and there is no privity." *Id.* at 1071.

---

[5] The Court notes that in his habeas petition in case number MCR056037H, Cuellar states that he complained to Alvarez about his legal runner being charged for legal calls.  (Doc. No. 21-1 at 5).  Further, MCDC submitted a declaration by Mendoza in support of its informal response to Cuellar's habeas petition in case number MCR056037H.  (Doc. No. 21-2 at 8-11).

9

In *Burton v. Harris*, the defendant in the previously filed action was the California Department of Corrections and Rehabilitation ("CDCR"). No. CV 08-5834-GHK(CW)1, 2015 U.S. Dist. LEXIS 122315, at *18-19 (C.D. Cal. June 29, 2015). In the later-filed action, the defendants were CDCR employees. *Id*. The court found that the employee defendants' "alleged liability arises out of their alleged wrongdoing as CDCR employees. They are therefore in privity with the CDCR for purposes of claim preclusion." *Id*. Here, Cuellar named MCDC in his first-filed state habeas actions and then named MCDC employees Alvarez and Mendoza in the instant complaint. Because Alvarez and Mendoza's alleged liability arises out of their alleged wrongdoing as MCDC employees, they are in privity with MCDC for purposes of claim preclusion.

Accordingly, Cuellar's: (1) instant access to court claims are identical to his previous state habeas access to court claims; (2) state habeas access to court claims were finally adjudicated on the merits; and (3) there is privity of parties between the state habeas petitions and the instant complaint. Therefore, the doctrine of res-judicata bars Cuellar's access to court claims here and the Court finds Cuellar's access to court claims (claims 4-7) are subject to dismissal under the doctrine of res-judicata.

### 2. First Amendment Free Speech Rights

In his third claim, Cuellar alleges that his due process and free speech rights were violated when artwork depicting police brutality that he intended to send to the Fresno Bee was taken by Defendants and displayed in their office. (Doc. No. 7 at 8-9). The Court construes this claim as a First Amendment Free Speech claim. Defendants argue that the doctrine of res-judicata bars this claim. (Doc. No. 22 at 7-8). In his third claim in case number MCR056037H, Cuellar alleged his First Amendment rights were violated when MCDC opened, read, and copied his outgoing mail. (Doc. No. 21-1 at 10). In that case, Cuellar stated that he went to Alvarez and Mendoza's office for copy services. (*Id*.). Cuellar stated that he saw his outgoing mail to the Fresno Bee displayed on the wall of the office. (*Id*.).

#### a. Identical Claims

Again, *supra*, for res-judicata to apply under California law the claims in question must be

1  "identical." Under the "primary right theory," the determinative factor is the harm alleged.
2  "When two actions involving the same parties seek compensation for the same harm, they
3  generally involve the same primary right." *Boeken*, 48 Cal. 4th at 798. Here, Cuellar claims in
4  both the instant case and in case number MCR056037H that his First Amendment rights were
5  violated for actions Alvarez and Mendoza took in opening his mail addressed to the Fresno Bee.
6  Although the specifics of the claims differ slightly, the harm alleged is the same—a violation of
7  Cuellar's First Amendment rights. Accordingly, the Court finds that the former and instant
8  claims are identical.

### b. Final Judgment on the Merits

10  Similarly, for res-judicata to apply the claim must have been adjudicated on the merits in
11  the earlier suit. Here, Cuellar's claim in case number MCR056037H was denied "for the reasons
12  set forth in the [Defendants'] informal response. (Doc. No. 21-4). As discussed *supra*, the Court
13  finds that the superior court issued a final judgment on the merits in this case because it
14  considered and adopted the reasoning in the Defendants' informal response.

### c. Same Party or in Privity with Same Party

16  As discussed *supra*, the Court again must determine whether Alvarez and Mendoza are in
17  privity with the MCDC. In case number MCR056037H, although Cuellar only named MCDC as
18  a Defendant, Cuellar specifically named Alvarez and Mendoza in the complaint as two of the
19  offending officers who displayed his letters/artwork addressed to the Fresno Bee on their office
20  wall. Because Alvarez and Mendoza's alleged liability arises out of their alleged wrongdoing as
21  MCDC employees, they are in privity with MCDC for purposes of claim preclusion. *See Burton*,
22  No. CV 08-5834-GHK(CW)1.
23  Accordingly, Cuellar's: (1) instant First Amendment claim is identical to his previous
24  state habeas First Amendment claim; (2) his state habeas First Amendment claim was finally
25  adjudicated on the merits; and (3) there is privity of parties between the state habeas petition and
26  the instant complaint. Therefore, the doctrine of res-judicata bars Cuellar's First Amendment
27  claim here and the Court finds Cuellar's First Amendment claim set forth in claim three is subject
28  to dismissal under the doctrine of res-judicate.

### 3. No Fifth Amendment Claim for Loss of Property

Next Cuellar alleges his Fifth Amendment right to his property was violated when Defendant Mendoza failed to mail portraits of a police officer, a girl, and a man to the Madera Tribune (Doc. No. 7 at 3-4, 5-6; claim one) and his due process rights were violated when Defendants Mendoza and Alverez took his property and failed to return a portrait of Kobe Bryant, dictionary, postage, thesaurus, photos, and activity log to him (*id*. at 4, 7; claim two). Defendants argue that these claims are barred by the doctrine of res-judicata. (Doc. No. 22 at 7). Specifically, Defendants argue that Petitioner's property claims were raised in his superior court habeas case number MCR056037H. As explained *supra*, in his third claim in case number MCR056037H, Plaintiff claimed that Defendant violated his First Amendment rights when mail addressed to the Fresno Bee was opened and displayed on Mendoza and Alverez's office wall, (Doc. No. 21-1 at 10). The Court notes that Plaintiff instant claims of property loss and his claims in case number MCR056037H do not appear to be identical. Accordingly, it does not appear that the doctrine of res-judicata applies here. However, the Court dismisses Plaintiff's loss of property claims on alternative grounds.

The Fifth Amendment requires the Government to pay just compensation when it takes property and this applies to both personal and real property. U.S. Const., Amdt. 5; *Horne v. Dep't of Agriculture*, 576 U.S. 350, 359-360 (2015). Mere allegations that a person is deprived of property by the state is not sufficient to state a constitutional claim. Rather, the Constitution requires the government to provide due process and make just compensation for any taking. *Id*. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *King v. Massarweh*, 782 F.2d 825, 827 (9th Cir. 1986) ("[P]ost-deprivation proceedings are sufficient to meet due process standards."). A claim pursuant to § 1983 for deprivation of property does not arise "unless and until the State fails to provide" an adequate process to remedy the claimed deprivation of property. *See Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990). "Thus, in challenging a property deprivation, the claimant must either avail

himself of the remedies guaranteed by state law or prove that the available remedies are inadequate." *Hudson v. Palmer*, 468 U.S. at 539 (J. O'Connor, concurrence).

California law permits civil tort claims against public officials under the Government Claims Act, which the Ninth Circuit has held to be an adequate post-deprivation remedy for any property deprivation. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994); Cal. Gov't Code §§ 810-895; *see also Stribling v. Wilson*, 770 Fed. Appx. 829, 830 (9th Cir. May 23, 2019) (dismissing claims that a prisoner was wrongfully deprived of personal property and noting that California law provides an adequate post-deprivation remedy). Because Plaintiff has an adequate post-deprivation remedy through California state law, his claim for loss of property fails to state a federal claim. *See King*, 782 F.2d at 827 (Plaintiff is "relegated to the post-deprivation remedies available through the civil tort law process for [his] due process claims."). Accordingly, Plaintiff's first and second claims predicated upon the loss of personal property are dismissed.

In sum, the Court finds that Cuellar's access to court claims and First Amendment claim are barred by the doctrine of res-judicata and are accordingly dismissed. Further, the Court finds that Cuellar's loss of property claims fail to state a claim because Cuellar has an adequate post-deprivation remedy for these claims.

Accordingly, it is **ORDERED**:

1. Defendants' motion to dismiss (Doc. No. 20) is GRANTED and this case is dismissed with prejudice.

2. The Clerk of Court shall enter judgment in favor of Defendants and close this case.


Dated:    September 22, 2021                                        HELENA M. BARCH-KUCHTA
                                                                                UNITED STATES MAGISTRATE JUDGE